# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BOWEN, MICLETTE & BRITT § <br> INSURANCE AGENCY, LLC, *et al.*, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> MARSH USA INC., *et al.*, § <br>     Defendants. § <br> § | CIVIL ACTION NO. H-15-2133 |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 4] filed by Plaintiffs Bowen, Miclette & Britt Insurance Agency, LLC ("BMB"), Bowen, Miclette & Britt of Louisiana, LLC ("BMB Louisiana"), and David B. Gorney, to which Defendants Marsh USA Inc. ("Marsh") and Marsh & McClennan Companies ("MMC") filed a Response [Doc. # 8]. Plaintiffs neither filed a reply nor requested additional time to do so.

Also pending is Defendants' Motion to Dismiss Under Rule 12(b)(1) and (b)(6) and, Alternatively, Motion to Transfer Venue ("Motion to Dismiss or Transfer") [Doc. # 6], to which Plaintiffs filed a Response [Doc. # 9], and Defendants filed a Reply [Doc. # 11]. Having reviewed the full record and applicable legal authorities, the

Court **denies** the Motion to Remand, **grants** the Motion to Transfer Venue, and **denies without prejudice** the Motion to Dismiss.

I.  **BACKGROUND**

Marsh is an insurance broker headquartered in New York. Plaintiff David Gorney worked for Marsh in New Orleans, Louisiana. None of Gorney's customers with Marsh are in Texas.

During his employment, Gorney entered into an agreement that, should he leave Marsh's employ, he would not to solicit or perform services for the Marsh customers and prospective customers with whom he had contact or about whom he had access to confidential information during the final two years of his employment ("Agreement"). *See* Agreement [Doc. 6-1], ¶ 2(b). The term of the Non-Solicitation provision of the Agreement is twelve months after the termination of Gorney's employment. *See id.* The Agreement contains a provision that New York law applies, and a requirement that all disputes arising under the Agreement or otherwise related to Gorney's employment with Marsh must be litigated in the Southern District of New York or a state court in New York County. *See id.*, ¶ 10.

On May 29, 2015, Gorney resigned his employment and began working for BMB Louisiana. That same day, Marsh sent Gorney a letter ("Letter") reminding him of his obligations under the Agreement, stating that Marsh believed Gorney was

violating the Agreement, and stating "we will hold you and your current employer accountable should Marsh lose business or otherwise determine that it has been damaged as a result of your conduct." *See* Letter, Exh. A to Motion to Dismiss or Transfer.

BMB, BMB Louisiana, and Gorney filed this lawsuit in Texas state court asserting that:

> BMB and Gorney are entitled to a declaration from the Court that BMB is not bound by any restriction in soliciting or accepting business from Marsh's past, present, or prospective clients – including Gorney's former customers – provided such solicitation does not involve Gorney and a declaration that BMB's legitimate and continuing competition, as well as acceptance of business from Gorney's former customers provided such solicitation does not involve Gorney, does not violate Gorney's restrictive covenants in any manner.

Original Petition [Doc. # 1-3], ¶ 12. Plaintiffs seeks a declaration that BMB is entitled to compete for business with Marsh and that Gorney is not violating the Agreement. *See id.*, ¶ 14.

## II. MOTION TO REMAND

### A. Applicable Legal Principles

"'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Hotze v. Burwell*, 784 F.3d. 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "'They

possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377). Any state court civil action over which the federal courts would have original jurisdiction may be removed by the defendant to federal court. *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013).

Defendants assert that this Court has diversity jurisdiction. A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

**B.  <u>Analysis</u>**

It is undisputed that there is complete diversity between all Plaintiffs and all Defendants. Plaintiffs argue, however, that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs.

In actions seeking declaratory relief, the amount in controversy "is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In this case, Plaintiffs are seeking a declaration that BMB is not

bound by the Agreement's restriction against soliciting Gorney's former customers at Marsh. Therefore, the value of the object of the litigation is the value of business from Gorney's former customers at Marsh during a twelve-month period. Defendants have presented uncontroverted evidence that, during the twelve-month period prior to his resignation, Gorney generated more than $1.8 million in revenue from Marsh's clients, resulting in profits well in excess of $75,000.00. *See* Declaration of James Laborde, Exh. A to Response to Motion to Remand, ¶ 8. Defendants' uncontroverted evidence demonstrates also that it can be anticipated that there would be similar revenue and profits from Gorney's clients during the twelve months following his resignation. *See id.*, ¶ 9.

Defendants have satisfied their burden to demonstrate that the amount in controversy in this declaratory judgment action exceeds the jurisdictional minimum. As a result, the Motion to Remand is denied.

### III.   MOTION TO DISMISS OR TRANSFER

#### A.   Standing

Defendants argue that Plaintiffs BMB and BMB Louisiana lack standing. Only one Plaintiff needs to have standing to permit the Court to exercise jurisdiction over the dispute. *See Veasey v. Abbott*, __ F.3d __, 2015 WL 4645642, *4 (5th Cir. Aug. 5, 2015); *Justice v. Hosemann*, 771 F.3d 285, 292 n.7 (5th Cir. 2014), *quoting Village*

*of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 n. 9 (1977) ("Because of the presence of [one plaintiff with standing], we need not consider whether the other individual and corporate plaintiffs have standing to maintain the suit.")); *McAllen Grace Brethren Church v. Salazar*, 764 F.3d 465, 471 (5th Cir. 2014).  The Court should not, however, allow a party that clearly lacks standing to participate in the case.  *See Veasey*, ___ F.3d at ___, 2015 WL 4645642 at *4.

Plaintiff Gorney is a party to the Agreement.  He has been advised by Defendants that they believe he is violating the terms of the Agreement.  Clearly, Gorney has standing to seek the declaratory relief sought in this lawsuit.  Because at least one of the Plaintiffs has standing, the Court has jurisdiction over the dispute. Whether Plaintiffs BMB and BMB Louisiana should be permitted to participate in the case can be decided by the United States District Court for the Southern District of New York following transfer.[1]

### B. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

---

[1] Defendants argue also that there is no "actual controversy" because their Letter did not include an express threat to file a lawsuit.  Although it appears that the Letter asserts Defendants' position that Gorney is violating the Agreement and threatens to hold him and his employer accountable, the "actual controversy" issue can also be decided by the transferee court.

might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In cases where there is no forum-selection clause, district courts "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ___ U.S. ___, 134 S. Ct. 568, 580 (2013). A forum-selection clause is a "significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 134 S. Ct. at 581.

The Supreme Court in *Atlantic Marine* set forth the procedure to be followed in ruling on a motion to transfer venue that seeks to enforce a valid forum-selection clause. The Supreme Court held that "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not

carry with it the original venue's choice-of-law rules -- a factor that in some circumstances may affect public-interest considerations." *Id.*

In this case, the Agreement contains a mandatory choice of forum clause that requires any lawsuit be filed in the United States District Court for the Southern District of New York or in New York County state court. Plaintiff Gorney, as a signatory to the Agreement, is bound by the forum selection clause. Plaintiffs BMB and BMB Louisiana are not signatories to the Agreement. They are bound by the forum selection clause in the Agreement, however, under the doctrine of direct-benefits estoppel because they are "asserting claims that must be determined by reference to that contract." *See In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 291 (5th Cir. 2015).

Because there is a valid forum selection clause in this case, the Court "should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 134 S. Ct. at 581. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* The public interest factors, which include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home, [and] the interest in having the trial of a diversity case in a forum that is at home with the law," do not constitute extraordinary circumstances that weigh against transfer to the Southern District of

New York. Neither party has identified any administrative difficulties flowing from court congestion in the Southern District of New York. The dispute in this case is not a "localized controversy" to the Southern District of Texas. Indeed, Gorney and BMB Louisiana are citizens of Louisiana, Marsh and MMC are citizens of New York, and none of the customers with whom Gorney dealt while employed by Marsh are located in Texas. The Southern District of New York is clearly more "at home" with New York law.[2] As a result, this Court will enforce the forum-selection clause and will transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## IV.  CONCLUSION AND ORDER

As explained herein, the Court has diversity jurisdiction over this dispute. Plaintiff Gorney has standing to pursue this litigation and, as a result, the Court has jurisdiction. Plaintiff Gorney and Plaintiffs BMB and BMB Louisiana are all asserting claims based on the Non-Compete Agreement, which includes a forum selection provision. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Remand [Doc. # 4] is **DENIED**. It is further

---

[2]   The Agreement provides that it "shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions." *See* Agreement, ¶ 10.

**ORDERED** that Defendants' Motion to Transfer Venue [Doc. # 6] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 6] is **DENIED WITHOUT PREJUDICE** to being reurged, if appropriate, in the transferee court.

SIGNED at Houston, Texas, this **17th** day of **September, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE