**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOWEN, MICLETTE, & BRITT INSURANCE AGENCY, LLC, BOWEN, MICLETTE, & BRITT OF LOUISIANA, LLC, and DAVID B. GORNEY, | Case No. 15-cv-07434 (PAE) (JCF) |
| Plaintiffs, | |
| vs. | |
| MARSH USA INC. and MARSH & MCLENNAN COMPANY | |
| Defendants. | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Clifford R. Atlas
Suzanne E. Peters

ATTORNEYS FOR DEFENDANTS

## <u>TABLE OF CONTENTS</u>

<u>Pg. No.</u>

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF RELEVANT FACTS ...............................................................................1

STATEMENT OF PROCEDURAL HISTORY.....................................................................2

ARGUMENT ..............................................................................................................................3

    I.   LEGAL STANDARD.................................................................................................3

    II.  THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE
        TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION..............4

        A.  The Court Can Properly Consider Marsh's Demand Letter When Evaluating
            Defendants' Motion to Dismiss. ..................................................................................4

        B.  Plaintiffs' Claims Should Be Dismissed Pursuant to Federal Law. ...........................5

        C.  Plaintiffs' Complaint Should Be Dismissed Because There is No Actual Case
            Or Controversy.............................................................................................................6

    III. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS
        IMPROPERLY SEEK A DECLARATION OF THEIR NON-LIABILITY IN
        TORT. ..........................................................................................................................8

CONCLUSION...........................................................................................................................10

**TABLE OF AUTHORITIES**

**Pg. No.**

CASES

Aetna Life Ins. Co. v. Haworth,
    300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937)..................................................6

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..........................................................................................3

Barbagallo v. Marcum LLP,
    820 F. Supp. 2d 429 (E.D.N.Y. 2011) ....................................................................9

Bldg. Indus. Elec. Contrs. Ass'n ex rel. United Elec. Contrs. Ass'n v. City of New York,
    678 F.3d 184 (2d Cir. 2012).................................................................................3

Bowen, Miclette, & Britt Insurance Agency, LLC, et al. v. Marsh USA Inc., et al.,
    Civil Action No. 2015-32030 ...............................................................................2

Bowen, Miclette, & Britt Insurance Agency, LLC, et al. v. Marsh USA Inc., et al.,
    Civil Action No. 2015-39564 ...............................................................................2

Certain Underwriters at Lloyd's v. St. Joe Minerals Corp.,
    90 F.3d 671 (2d Cir. 1996)...................................................................................7

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).................................................................................4

Dow Jones & Co., Inc. v. Harrods, Ltd.,
    237 F. Supp. 2d 394 (S.D.N.Y. 2002).....................................................................9

E.M. v. New York City Dep't of Ed.,
    758 F.3d 442 (2d Cir. 2014).................................................................................6

Eaton Vance Mgmt. v. ForstmannLeff Assocs., LLC,
    2006 U.S. Dist. LEXIS 55741 (S.D.N.Y. Aug. 11, 2006)............................................8

Haagen-Dazs Shoppe Co. v. Born,
    897 F. Supp. 122 (S.D.N.Y. 1995) .........................................................................5

In re Prudential Lines,
    158 F.3d 65 (2d Cir. 1998)...................................................................................6

In re Thelen LLP,
    736 F.3d 213 (2d Cir. 2013).................................................................................4

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,
    62 F.3d 69 (2d Cir. 1995)..................................................................................4

Jenkins v. United States,
    386 F.3d 415 (2d Cir. 2004)..............................................................................6

Makarova v. United States,
    201 F.3d 110 (2d Cir. 2000)...........................................................................3, 4

Malik v. Meissner,
    82 F.3d 560 (2d Cir. 1996)...............................................................................3

Marchi v. Bd. of Coop. Educ. Servs. of Albany,
    173 F.3d 469 (2d Cir. 1999).............................................................................6

Quality King Distributors, Inc. v. KMS Research, Inc.,
    946 F. Supp. 233 (E.D.N.Y. 1996) ..................................................................5

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)...............................................................................4

Salomon Bros., Inc. v. Carey,
    556 F. Supp. 499 (S.D.N.Y. 1983) ..................................................................6

Utica Lloyd's of Tex. v. Mitchell,
    138 F.3d 208 (5th Cir. 1998) ...........................................................................5

Vassilatos v. Ceram Tech Int'l, Ltd.,
    92 Civ. 4574, 1993 U.S. Dist. LEXIS 6620 (S.D.N.Y. May 19, 1993)....................................4

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1)............................................................................1, 2, 3, 4, 8, 9

Fed. R. Civ. P. 12(b)(6).....................................................................................1, 2, 3

## PRELIMINARY STATEMENT

Plaintiff David B. Gorney is a former employee of Defendant Marsh USA Inc. ("Marsh"). This declaratory judgment action arises out of various restrictive covenant agreements Gorney entered into with Marsh and its parent company, Marsh & McLennan Companies, Inc.[1] ("MMC"). The plaintiffs in this case – Gorney, his current employer Bowen, Miclette, & Britt of Louisiana, LLC ("BMB Louisiana"), and Bowen, Miclette, & Britt Insurance Agency, LLC ("BMB") – do not seek any declaration that Gorney's restrictive covenant agreements are unenforceable against Gorney. Instead, Plaintiffs seek a declaration that BMB Louisiana and BMB are:

> not bound by any restriction from soliciting or accepting business from Marsh's past, present, or prospective clients – including Gorney's former customers – provided such solicitation does not involve Gorney as well as a declaration that BMB's legitimate and continuing competition, as well as acceptance of business from Gorney's former customers, provided such solicitation does not involve Gorney, does not violate Gorney's restrictive covenants in any manner.

(Pls.' Compl. ¶ 12.)[2]

Because there is no actual controversy over the declaratory relief sought, Plaintiffs' action must be dismissed under Rule 12(b)(1) and (b)(6).

## STATEMENT OF RELEVANT FACTS[3]

Plaintiffs allege the following facts in the Complaint: Gorney formerly worked for Marsh. (Pls.' Compl. ¶ 8.) He entered into several restrictive covenant agreements (the "Agreements") during his employment. Id. Among other things, Gorney promised in the

---

[1] Incorrectly referred to as Marsh & McLennan Company in the case caption.
[2] A copy of Plaintiffs' Complaint is annexed to the Declaration of Clifford R. Atlas in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint ("Atlas Decl.") as Exhibit "A".
[3] The facts set forth herein are taken from the Complaint. These facts are accepted as true for purposes of this motion only.

Agreements that, for a year after the termination of his employment, he would not directly or indirectly solicit or provide services to Marsh clients. Id.

Gorney resigned from Marsh on May 29, 2015 and began working for BMB Louisiana. Id. ¶¶ 9-10. Following his resignation, Marsh sent Gorney a letter reminding him of his non-solicitation obligations. Id. ¶ 9; see also Declaration of Kristen O'Connor in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint ("O'Connor Decl."), Exhibit "A." Marsh did not send the letter to BMB Louisiana or BMB. See O'Connor Decl., ¶ 4. Plaintiffs filed this action based on their claim that, even if Gorney complies with the Agreements, "Marsh's demand letter appears to attempt to restrict BMB from competing for business with Marsh for certain clients or that BMB may be liable to Marsh under its agreements with Gorney." Id. ¶ 10.

## STATEMENT OF PROCEDURAL HISTORY

On June 4, 2015, Plaintiffs filed a declaratory action, Bowen, Miclette, & Britt Insurance Agency, LLC, et al. v. Marsh USA Inc., et al., Civil Action No. 2015-32030, in the 269th Judicial District Court of Harris County, Texas ("the First Action"). After Defendants timely removed the First Action to the Southern District of Texas, Houston Division (Civil Action No. 4:15-cv-01927), Plaintiffs voluntarily dismissed the removed action.

The day before Plaintiffs dismissed the federal court action, they filed a second lawsuit in Texas state court, Bowen, Miclette, & Britt Insurance Agency, LLC, et al. v. Marsh USA Inc., et al., Civil Action No. 2015-39564 ("the Second Action"). The Second Action seeks the exact same declaratory relief as the First Action. Defendants timely removed the Second Action to the Southern District of Texas, Houston Division (Civil Action No. 4:15-cv-02133).

Plaintiffs filed a Motion to Remand on August 7, 2015. On August 11, 2015, Defendants filed a Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6) and, alternatively, a Motion to Transfer Venue. On September 17, 2015, Senior District Judge Nancy Atlas denied

Plaintiffs' motion to remand, denied Defendants' motion to dismiss, *without prejudice*, and granted Defendants' motion to transfer venue to the United States District Court for the Southern District of New York.  The case was assigned to Judge Engelmayer on September 21, 2015.

## ARGUMENT

### I.   LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal where the pleading fails to state a claim upon which relief may be granted. A complaint is subject to dismissal unless its factual allegations, if credited, make the claim "plausible." Bldg. Indus. Elec. Contrs. Ass'n ex rel. United Elec. Contrs. Ass'n v. City of New York, 678 F.3d 184, 197 (2d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).   While detailed factual allegations are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or '[]formulaic recitation[s] of the elements of a cause of action.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff asserting subject matter jurisdiction maintains the burden of proving, by a preponderance of evidence, that jurisdiction exists. Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

## II.     THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION

### A.     The Court Can Properly Consider Marsh's Demand Letter When Evaluating Defendants' Motion to Dismiss.

On a motion to dismiss, a court generally "limit[s] its analysis to the four corners of the complaint." Vassilatos v. Ceram Tech Int'l, Ltd., 92 Civ. 4574, 1993 U.S. Dist. LEXIS 6620, at *15(S.D.N.Y. May 19, 1993) (citing Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir. 1991)). The Court however, may also consider "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion...."); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . ."). "When a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks omitted).

When "resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court...may refer to evidence outside the pleadings." Makarova v.

United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

Here, Marsh's demand letter to Gorney should be considered by the Court. First, Plaintiffs' Complaint references the demand letter.   Pl.'s Compl. ¶¶ 9-10.   Second, since Plaintiffs allege that this letter created the "controversy" allegedly giving rise to the declaratory judgment action, the letter is "integral" to Plaintiffs' claim and the sustainability of this action. Id. Indeed, Plaintiffs' claims rely solely on Marsh's demand letter.  Finally, because Defendants are asserting that this Court lacks subject matter jurisdiction because there is no case or controversy at issue, the Court may properly consider evidence outside the pleadings. Accordingly, the Court may consider the demand letter for purposes of Defendants' motion to dismiss.

**B.      Plaintiffs' Claims Should Be Dismissed Pursuant to Federal Law.**

Plaintiffs originally filed this action in state court under the Texas Declaratory Judgment Act ("TDJA").   The TDJA, however, is purely a procedural mechanism.   Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998).  Federal procedure, rather than Texas procedure, governs diversity actions like this one.  See Quality King Distributors, Inc. v. KMS Research, Inc., 946 F. Supp. 233, 236 (E.D.N.Y. 1996) (finding that removed action was "governed by federal rather than state law because the Declaratory Judgment Act addresses procedural as opposed to substantive rights"); Haagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122, 126 & n.2 (S.D.N.Y. 1995) (holding that the Declaratory Judgment Act, as opposed to state law, governs removed cases).

5

**C.**     **Plaintiffs' Complaint Should Be Dismissed Because There is No Actual Case Or Controversy.**

Article III of the Constitution confines federal courts to deciding "cases" and "controversies." As a result, courts cannot decide declaratory judgment actions unless there is an "actual controversy" between the parties. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41, 57 S. Ct. 461, 81 L. Ed. 617 (1937). "It is clear that unless plaintiff's allegations allege an actual controversy, the court is without power to grant declaratory relief and must dismiss for lack of subject matter jurisdiction." Salomon Bros., Inc. v. Carey, 556 F. Supp. 499, 500 (S.D.N.Y. 1983). An actual controversy exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to justify judicial resolution." Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). For a controversy to be justiciable, the plaintiff must show that he "ha[s] suffered an 'injury in fact'— that is, 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" E.M. v. New York City Dep't of Ed., 758 F.3d 442, 449 (2d Cir. 2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

It is well-settled that "[w]here it appears that 'the contingent event upon which the controversy rests is unlikely to occur, the controversy lacks 'sufficient immediacy and reality' to warrant declaratory relief." In re Prudential Lines, 158 F.3d 65, 70 (2d Cir. 1998) (citing Certain Underwriters at Lloyd's v. St. Joe Minerals Corp., 90 F.3d 671, 675 (2d Cir. 1996)). Similarly, "the disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Jenkins v. United States, 386 F.3d 415, 417-418 (2d Cir. 2004) (quoting PSC v. Wycoff Co., 344 U.S. 237, 244

(1952)); see also Certain Underwriters at Lloyd's, 90 F.3d at 675 (observing that "it is by now traditional law that the judicial power does not extend to . . . abstract questions").

Here, Marsh's letter to Gorney does not create an "actual controversy" over the declaratory relief sought.  Plaintiffs seek a declaration that BMB Louisiana and BMB can do business with Marsh customers as long as Gorney complies with the Agreements. (Pls.' Compl. ¶ 12.)  Plaintiffs filed this action on the purported belief that, even if Gorney fully complies with the Agreements, Marsh still intends to sue BMB Louisiana and BMB if they take business from Marsh.  (Id. ¶ 10.)  Plaintiffs' sole basis for this professed belief is Marsh's demand letter to Gorney.  (Id.)  A review of the demand letter, however, unequivocally demonstrates that there is no "actual controversy" over BMB Louisiana and BMB's liability if Gorney complies with the Agreements.

The demand letter was addressed solely to Gorney.[4]  See O'Connor Decl., Ex. A. It states, in relevant part:

- "On July 5, 2007, *you* executed a Non-Solicitation Agreement with Marsh . . . ."

- "It has come to our attention that *you* are in violation of your non-solicitation obligations."

- "We expect *you* to honor the terms of your non-solicitation and confidentiality obligations to the Company, and to cease and desist from engaging in any activity that violates those obligations."

- We trust that you have or will advise Bowen, Miclette & Britt of *your* post-employment obligations to Marsh."

- "Please be advised that we will hold you and your current employer accountable should Marsh lose business or otherwise determine that it has been damaged as a result of *your* conduct."

---

[4] Plaintiffs allege "a copy of [the letter] was sent to BMB," (Pls.' Compl. ¶ 10), but the letter clearly shows Marsh did not copy BMB Louisiana and/or BMB on the letter.  See O'Connor Decl., Exhibit "A".  Additionally, Marsh did not send the letter to BMB Louisiana or BMB.  Id. at ¶ 4.

Id. at 1-2 (emphasis added).  Nowhere in the letter does Marsh create a controversy over BMB Louisiana and BMB's liability if Gorney complies with the Agreements.  Indeed, even Plaintiffs' Complaint acknowledges that the letter threatens to seek damages resulting from *Gorney's* conduct: "Marsh also threatens to hold BMB accountable if Marsh . . . is damaged as a result of *Gorney's* alleged conduct." (Pls.' Compl. ¶ 10; emphasis added.)

Marsh's letter is not a "concrete and specific" threat to hold BMB Louisiana or BMB liable if Gorney complies with his Agreements. Plaintiffs' incomprehensible demand for declaratory relief set forth in Paragraph 12 of the Complaint is predicated on a hypothetical set of facts, bearing no resemblance to the demand letter sent by Marsh. Accordingly, there is no actual controversy in this case.  This lawsuit should therefore be dismissed under either Rule 12(b)(1) or 12(b)(6) because this Court lacks jurisdiction over the action and Plaintiffs have failed to state a claim upon which relief may be granted.

## III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS IMPROPERLY SEEK A DECLARATION OF THEIR NON-LIABILITY IN TORT.

In declaratory judgment actions involving the interpretation of a contract, a case or controversy can exist only between the parties to the contract or third party beneficiaries of the contract. See Eaton Vance Mgmt. v. ForstmannLeff Assocs., LLC, 2006 U.S. Dist. LEXIS 55741, at *16 (S.D.N.Y. Aug. 11, 2006) ("Under New York law, unless a party has contractual privity or is a third-party beneficiary of a contract, it lacks standing to enforce the terms of the agreement" ). "[A] party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." Id. (citing Collin County v. Homeowners Assoc. for Values Essential to Neighborhoods, 915 F.2d 167, 171 (5th Cir. 1990)). Parties who lack standing to enforce an agreement also lack standing to seek a declaration of rights under the contract. Id. at *17.

8

In this case, the only parties to the Agreements are Gorney and Marsh. Yet Plaintiffs seek a declaration that BMB Louisiana and BMB are not—and in the future cannot be—liable to Defendants for soliciting and doing business with Marsh's customers. The potential claims on which Plaintiffs seek a declaration sound in tort, not contract. See, e.g., Barbagallo v. Marcum LLP, 820 F. Supp. 2d 429 (E.D.N.Y. 2011) (former employer's claim against current employer for interfering with employee's agreement is tortious interference with contract).

Declaratory judgment actions, however, are not proper vehicles to pre-determine or adjudicate a potential defendant's tort liability. See, e.g., Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F. Supp. 2d 394, 426-27 (S.D.N.Y. 2002) (noting that the Declaratory Judgment Act was not intended to be applied "for a tactically preemptive purpose of declaring non-liability so as to guard against a tort action"). To the extent Plaintiffs seek a determination of their tort liability based on their past conduct, Plaintiffs cannot utilize the declaratory judgment procedure because it deprives Marsh of its right to choose the time and forum to litigate its tort claims. Id. at 440 ("A rush to file first in anticipation of litigation in another tribunal, thereby enabling a potential defendant to choose the forum and governing law by which to adjudicate the dispute, and otherwise to interfere with or frustrate the other party's pursuit of claims elsewhere, is one of the equitable considerations a court may weigh in ruling on a request for declaratory relief"). To the extent Plaintiffs seek a declaration of their tort liability based on hypothetical future conduct, this case is not ripe for adjudication because the facts surrounding a tort claim have not developed. In short, the Declaratory Judgment Act does not create an avenue for BMB Louisiana and BMB to pre-determine their tort liability, either for past conduct or for future conduct.

9

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' declaratory judgment action under Rule 12(b)(1) and/or (b)(6).

## CONCLUSION

Because there is no actual controversy over the declaratory relief sought, Defendants respectfully request that the Court dismiss this action and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____
    Clifford R. Atlas
    Suzanne E. Peters

ATTORNEYS FOR DEFENDANTS

Dated: October 1, 2015
       New York, New York

4840-0722-3593, v. 1