October 6, 2015

**VIA ECF**
Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re: **Bowen, Miclette, & Britt Insurance Agency,
           LLC, et al. v. Marsh USA Inc., et al.
           Case No. 15-cv-07434 (PAE)(JCF)**

Dear Judge Engelmayer:

    We are the attorneys for Plaintiffs Bowen, Miclette & Britt Insurance Agency, LLC, Bowen, Miclette, & Britt of Louisiana, LLC and David B. Gorney (collectively "Plaintiffs") in connection with the above-referenced matter. Pursuant to Your Honor's September 22, 2015 Order, we submit this letter jointly with counsel for Defendants Marsh USA Inc. and Marsh & McLennan Companies, Inc. (collectively "Defendants") in advance of the pretrial conference scheduled for October 9, 2015 at 11:00 AM.

**I. A Brief Description of the Case, including the Factual and Legal Bases for the Claims and Defenses.**

    Plaintiff David B. Gorney formerly worked as an insurance broker for Defendant Marsh USA Inc. ("Marsh"). He entered into several restrictive covenant agreements with Defendants during his employment. Under these agreements, Gorney agreed not to, for a period of twelve (12) months after leaving Defendants' employ (1) directly or indirectly solicit or provide services to Defendants' clients or (2) induce current or prospective clients of Defendants to terminate, cancel, not renew, or not place business with Defendants.

    Gorney resigned from Marsh on May 29, 2015 and began working for Bowen, Miclette, & Britt of Louisiana, LLC ("BMB Louisiana"). On the same day as his resignation, Marsh sent Gorney a letter reminding him of his non-solicitation obligations and stating that "[i]t has come to our attention that you are in violation of your non-solicitation obligations. In this regard, we know that you called at least one Marsh client, who sent a note to your Marsh email after you resigned saying that he had receive your call and would speak with you soon." Further, the letter provides "[p]lease be advised that we will hold you and your current employer accountable should Marsh lose business or otherwise determine that it has been damaged as a result of your conduct."

    On June 4, 2015, Plaintiffs filed the declaratory action in Texas state court. After Defendants timely removed the action to the Southern District of Texas, Houston Division, Plaintiffs voluntarily dismissed the removed action. Plaintiffs filed a second lawsuit in Texas

state court seeking the same relief as the first action but stipulating to damages not to exceed $75,000, inclusive of interest and costs. Defendants again removed the second action, filed a motion to dismiss, and requested a transfer to this Court. Plaintiffs filed a motion to remand. The Court granted Defendants' motion to transfer, denied, *without prejudice*, Defendants' motion to dismiss, and denied Plaintiffs' motion to remand.

Plaintiffs currently seek a declaration "to establish BMB's existing rights, statuses, and legal relations as they pertain to Marsh, Gorney's agreements with Marsh, and BMB's legitimate continuing competitive efforts as well as the fact that such competitive efforts may not form the basis of a claim against BMB or Gorney of a violation of Gorney's restrictive covenants." Further, Plaintiffs plan on amending their complaint to make clear Gorney is seeking a declaration that he did not violate and is not violating any covenant with Marsh as well as asserting additional claims arising from Marsh's letter.

## II.   Contemplated Motions

On October 1, 2015 Defendants filed a motion to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction and Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Specifically, Defendants contend that no actual controversy exists, BMB lacks standing to seek a declaratory judgment, and the case is not ripe for adjudication. The Court has since ordered that Plaintiffs may amend their complaint or file an opposition to the motion to dismiss by October 22, 2015. Plaintiffs plan on amending their complaint prior to the deadline and, if necessary, opposing any revised motion to dismiss. In addition, and unless the matter settles beforehand, the Parties anticipate Plaintiffs and Defendants will file motions for summary judgment and respective responses and replies to these motions for summary judgment.

## III.   Prospect for Settlement

*Plaintiffs:*   In order to engage in prompt productive settlement discussions, Plaintiffs have requested Defendants informally provide documentation showing the basis for their accusation on May 29, 2015. Defendants have demurred to Plaintiffs' request for this informal exchange so Plaintiffs have requested the same in Requests for Production served on October 5, 2015. Defendants may elect to request additional documents from one or both Plaintiffs. Once this discovery is complete, the Parties will be in a better position to evaluate the likelihood of settlement in this matter.

*Defendants:*  Once Defendants' motion to dismiss is resolved, and assuming this case proceeds, Defendants will be in a better position to evaluate the prospect for settlement, following the completion of certain discovery.

Honorable Paul A. Engelmayer, U.S.D.J.<br>
October 6, 2015<br>
Page 3

Thank you for your courtesy and attention to this matter.

                    Respectfully submitted,

                    CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

                    */s/ William S. Helfand*

                    William S. Helfand

cc:    Clifford R. Atlas, Esq. (via ECF)
       Suzanne E. Peters, Esq. (via ECF)
       Judith A. Lockhart, Esq. (via ECF)
       Leonardo Trivigno, Esq. (via ECF)
       C. Larry Carbo III, Esq. (via ECF)
       Cody N. Schneider, Esq. (via ECF)

4820-9096-5289, v. 1

1998970.1
870910..000065